UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE HURT,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE WHITE ARYON RESISTANCE OF THE STATE OF CALIFORNIA, THE KKK, et al.,<br><br>    Defendants. | Case No: C 12-03141 SBA<br><br>**ORDER**<br><br>Docket 1, 3, 13. |

On June 15, 2012, Plaintiff Tyrone Hurt ("Plaintiff"), proceeding pro se, filed the instant action against "The White Aryon Resistance of the State of California, the KKK, et al.," and an application for leave to proceed in forma pauperis ("IFP"). Dkt. 1, 3. On August 2, 2012, Plaintiff filed a "motion for declaratory judgment." Dkt. 13. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Plaintiff's IFP application, DISMISSES the complaint, and DENIES Plaintiff's "motion for declaratory judgment."

**I.      DISCUSSION**

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri, 901 F.2d at 699.  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The pleadings must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

In the instant case, Plaintiff has failed to allege facts stating a claim for relief that is plausible on its face.  The allegations in the complaint are vague and largely incomprehensible.  Although unclear, Plaintiff alleges that the "KKK, etc." should be "permanent[ly] exiled from this Nation" for "its lynching violence of human beings in violation of the Eighth (8th) Amendment" and for "human rights violations."  By this action, Plaintiff seeks an order permanently exiling the "KKK, etc. from this country" and "ten (10) trillion dollars" in damages.

The Court construes Plaintiff's complaint as attempting to allege a violation of a right secured by the Eighth Amendment of the Constitution[1] under 42 U.S.C. 1983 or Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971), which is the federal analog to suits brought under § 1983.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).[2]  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2)

---

[1] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const., 8th Amend.

[2] Bivens "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  Carlson v. Green, 446 U.S. 14, 18 (1980).

that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987). To state a private cause of action under Bivens, Plaintiff must allege: (1) the violation of a right secured by the Constitution of the United States; and (2) that the alleged deprivation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens actions are identical save for the replacement of a state actor under § 1983 by a federal actor).

Here, because Plaintiff has failed to allege that a person acting under color of state law or a federal actor violated his Eighth Amendment right to be free from cruel and unusual punishment, and because Plaintiff has not otherwise alleged an actionable claim for relief, the Court DISMISSES the complaint for failure to state a claim with leave to amend.[3] However, Plaintiff will be afforded the opportunity to file a first amended complaint. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs."); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Having reviewed Plaintiff's IFP Application, the Court finds that Plaintiff is entitled to proceed IFP. As such, Plaintiff is not required to pay the filing fee. However, to proceed with this action, Plaintiff must file a first amended complaint which, at a minimum, alleges that a person acting under color of state law or a federal actor violated his Eighth Amendment right to be free from cruel and unusual punishment.

II. **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's application to proceed IFP is GRANTED.

---

[3] In light of the Court's dismissal of the complaint, Plaintiff's motion for "declaratory judgment" is DENIED.

2. The complaint is DISMISSED with leave to amend. Plaintiff shall file a first amended complaint that cures the deficiencies discussed above within twenty-one (21) days from the date this Order is filed. Plaintiff is warned that the failure to comply with this deadline will result in the dismissal of this action.

3. Plaintiff's motion for "declaratory judgment" is DENIED.

4. This Order terminates Docket 1, 3 and 13.

IT IS SO ORDERED.

Dated: 8/24/12

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


TYRONE HURT,

        Plaintiff,

  v.

THE WHITE ARYON RESISTANCE et al,

        Defendant.
_____/

                                                                                   Case Number: CV12-03141 SBA

                                                                        **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Tyrone Hurt
422 Chesapeake Street, SE, #33
Washington, DC 20032-3637

Dated: September 4, 2012
                                                    Richard W. Wieking, Clerk

                                                            By: Lisa Clark, Deputy Clerk