UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE HURT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE WHITE ARYON RESISTANCE OF THE STATE OF CALIFORNIA, THE KKK, et al.,<br><br>　　　　Defendants. | Case No: C 12-03141 SBA<br><br>**DISMISSAL ORDER**<br><br>Docket 22 |

　　　　On June 15, 2012, Plaintiff Tyrone Hurt ("Plaintiff"), proceeding pro se, filed the instant action against "The White Aryon Resistance of the State of California, the KKK, et al." On September 4, 2012, the Court issued an Order dismissing the complaint on the ground that Plaintiff had failed to allege facts stating a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In that Order, the Court noted that the allegations in the complaint are vague and largely incomprehensible. The Court further noted that, although unclear, the complaint alleges that the "KKK, etc." should be "permanent[ly] exiled from this Nation" for "its lynching violence of human beings in violation of the Eighth (8th) Amendment" and for "human rights violations."

　　　　The Court construed the complaint as attempting to allege a violation of a right secured by the Eighth Amendment of the Constitution[1] under 42 U.S.C. 1983 or Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971), which is the federal

---

[1] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., 8th Amend.

analog to suits brought under § 1983. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).[2] However, because Plaintiff failed to allege that a person acting under color of state law or a federal actor violated his Eighth Amendment right to be free from cruel and unusual punishment, and failed to otherwise allege an actionable claim for relief, the complaint was dismissed for failure to state a claim with leave to amend. The Court advised Plaintiff that the first amended complaint should, at a minimum, allege that a person acting under color of state law or a federal actor violated his Eighth Amendment right to be free from cruel and unusual punishment.

On November 2, 2012, Plaintiff filed a first amended complaint. Like the complaint, the allegations in the first amended complaint are vague and largely incomprehensible. The first amended complaint alleges, among other things, that the "illegal and unconstitutional activities of the "KKK, etc.," including "lynchings, murders, etc.", violated the Eighth Amendment and human rights.

Having reviewed the allegations in the first amended complaint, the Court finds that Plaintiff has failed to correct the deficiencies identified by the Court. The first amended complaint does not allege that a person acting under color of state law or a federal actor violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Nor does the first amended complaint otherwise allege facts that state a claim for relief that is plausible on its face.[3] Therefore, the first amended complaint is DISMISSED. Because Plaintiff failed to correct the deficiencies in his complaint identified by the Court, there is

---

[2] Bivens "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).

[3] To the extent Plaintiff attempts to state a claim for relief under the Hate Crimes Prevention Act, 18 U.S.C. § 249, the Court finds that he has failed to do so. While the Ninth Circuit has not specifically addressed whether the Hate Crimes Prevention Act provides a private right of action, district courts have held that the Act, as a criminal statute, does not give rise to a private right of action. See, e.g., Godfrey v. Ross, 2011 WL 6012607, at *5 (E.D. Cal. 2011); Wiley v. California, 2011 WL 6012423, at *4 (E.D. Cal. 2011). The Court agrees with the reasoning in these cases.

1  no reason to conclude that he could or would do so with further leave to amend.
2  Consequently, this action is dismissed with prejudice.
3      Accordingly,
4      IT IS HEREBY ORDERED THAT:
5      1.    This action is DISMISSED with prejudice.
6      2.    The Clerk shall close the file and terminate all pending matters
7      IT IS SO ORDERED.
8  Dated: 11/30/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TYRONE HURT,

       Plaintiff,

  v.

THE WHITE ARYON RESISTANCE et al,

       Defendant.
                                     /

Case Number: CV12-03141 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tyrone Hurt
422 Chesapeake Street, SE, #33
Washington, DC 20032-3637

Dated: December 3, 2012

                                  Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk